IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

R. JAMES PROPERTIES, INC.
agent of Sage Pointe,

      Plaintiff,

v.

APRIL CAVETT
and All Others,

      Defendant.

CIVIL ACTION FILE NO.
1:15-CV-03587-WSD-JFK

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant April Cavett's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I. Background Facts

Plaintiff R. James Properties, Inc., agent for the owner of the real property commonly known as 4650 East Ponce de Leon Avenue, Unit K16, Clarkston, Georgia 30021, filed a dispossessory proceeding in the Magistrate Court of DeKalb County, Georgia, on or about September 21, 2015, against Defendant April Cavett and all others as tenants failing to pay rent now past due. [Doc. 1-1 at 5, Dispossessory Warrant]. On October 9, 2015, Defendant filed a notice of removal from the Magistrate Court of DeKalb County, Georgia. [Doc. 1-1 at 1-4].[1]

## II. Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.

---

[1] This is Defendant's second removal of a dispossessory proceeding to this court. In Pegasus Residential, LLC v. Cavett, civil action no. 1:14-cv-00029-WBH, the plaintiff had filed a dispossessory proceeding against Cavett for failure to pay past due rent at a prior address.

§ 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Cavett bases her removal on federal question jurisdiction. [Doc. 1-1 at 1]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff R. James Properties, Inc. AAF Sage Pointe relied exclusively on state law when it filed a dispossessory proceeding in the DeKalb

3

County Magistrate Court. [Dispossessory Warrant]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added).

Defendant Cavett alleges that removal is proper on the basis of federal question jurisdiction, and in her Petition for Removal, she claims that Plaintiff violated numerous federal statutes with the dispossessory proceeding. [Id.]. However, no federal question is presented on the face of Plaintiff's well-pleaded complaint. [Id.]. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.

And Defendant Cavett does not contend that the court has jurisdiction on the basis of diversity, nor does it appear that she could do so. [See Doc. 1-1; Doc. 1-2, Civil Cover Sheet]. To establish federal jurisdiction based on diversity, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000. See 28 U.S.C. §

4

1332(a)(1). Defendant indicates the Plaintiff is the "U.S. Government" [Doc. 1-2], although this is not supported by the record. And there is no evidence of complete diversity of citizenship between Defendant and the named Plaintiff. Nor is there evidence that Defendant could meet the amount in controversy requirement even if she could show complete diversity. The majority of courts considering the issue "have held that [a] counterclaim may not be used to calculate the jurisdictional amount in controversy when a defendant removes a case from a state court." First Guaranty Bank & Trust Co. v. Reeves, 86 F. Supp. 2d 1147, 1150 (M.D. Fla. 2000). Thus, even if she were to file a counterclaim, Defendant could not meet the amount in controversy requirement.

For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 14479(c).

### III. Conclusion

Accordingly, because Defendant Cavett has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

5

**SO RECOMMENDED**, this 16th day of October, 2015.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE